UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-61256-grs |
| COOL RUNNINGS EXPRESS, INC., | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |

**PATRICIA RAMOS'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

Comes now creditor Patricia Ramos, by counsel, and, pursuant to 11 U.S.C. § 362(d)(1), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules of this Court, moves the Court for an order modifying the automatic stay so that she may continue to prosecute certain claims against the Debtor and pursue collection thereof from the Debtor's insurer(s).  In support of her motion (this "Motion"), Ms. Ramos would show the following:

1. On June 25, 2015, Jason P. Ramos, while mired in a traffic back-up in a construction zone on northbound Interstate 75 about 11 miles from the Tennessee-Georgia border, was killed in a horrific multi-vehicle collision caused by a commercial motor vehicle owned by the Debtor, when its driver failed to stop and slammed into nine vehicles, including that driven by Mr. Ramos.

2. On June 21, 2016, Ms. Ramos, acting in her own capacity and as Mr. Ramos's next of kin and personal representative of his probate estate, filed suit against the Debtor and several other parties in the Circuit Court for Hamilton County, Tennessee (the "State Court"), commencing Case Number 16C765 (the "Tennessee Suit").

3. Ms. Ramos's claims in the Tennessee Suit, leveled in her various capacities, are set forth more specifically in the *Second Amended Complaint* filed in the State Court on August 1, 2017, and attached hereto as **Exhibit A** (the "Complaint").

4. On October 1, 2019, more than three years into the Tennessee Suit and with dispositive motions under advisement for months, the Debtor filed in this Court its voluntary petition for relief under chapter 7 of the Bankruptcy Code, initiating the instant case. In its schedules, the Debtor recognizes the claims of Mr. Ramos's probate estate in the amount of $15,000,000.00 and of Ms. Ramos individually in the amount of $50,000,000.00, but disputes both. [ECF No. 1 at 12, 14.]

5. By operation of 11 U.S.C. § 362(a), the Debtor's chapter 7 filing stayed the progress of Ms. Ramos's claims against the Debtor, and threatens to delay the progress of the Tennessee Suit with respect not only to the Debtor, but to all parties thereto.

6. Ms. Ramos reasonably believes that, at the time of the events at issue in the Tennessee Suit, the Debtor had a policy of insurance wherein and whereby its insurer(s) agreed to pay all sums, within certain limits, which the Debtor should become liable to pay as damages imposed upon it by law for injuries sustained by any person.

7. By her Motion, Ms. Ramos *does not* seek to pursue collection from the Debtor outside the bankruptcy forum, but only the modification of the stay to permit (a) her to continue the prosecution of her claims in the Tennessee Suit so that her claims against the Debtor may be liquidated by a jury trial and the judgment of the State Court, (b) other parties to the Tennessee Suit to prosecute their claims against the Debtor to judgment and any appeals therefrom, in order to ensure that the Tennessee Suit may be fully litigated and the State Court need not be detained by whether and to what extent cross claims against the Debtor are stayed,

and (c) Ms. Ramos to pursue collection of any settlement or judgment from the Debtor's insurer(s).

8. Contemporaneously herewith, Ms. Ramos is filing proofs of claims on her own behalf and as next of kin and personal representative of Mr. Ramos's probate estate.

9. The modification of the stay to permit the Tennessee Suit to proceed to judgment and through the conclusion of any appeals therefrom will not hinder, burden, delay, or be inconsistent with this chapter 7 case; on the contrary, cause exists to modify the stay in the limited manner requested. Among other reasons in favor of stay relief, the Court lacks jurisdiction to liquidate Ms. Ramos's claims against the Debtor, *see* 28 U.S.C. § 157(b)(2)(B), (5),[1] and any court tasked with such an undertaking other than the State Court would be required to undertake an extensive inquiry that would be redundant of the State Court's efforts during the last three years and duplicative of the State Court's future efforts if the Tennessee Suit were to move forward with respect to the parties other than the Debtor. Apart from the overwhelming equities in favor of allowing Ms. Ramos to prosecute her claims and see them vindicated promptly, principals of judicial economy militate for stay relief—claims against the Debtor must be liquidated one way or another in order for its estate to be administered—while none of the policies underlying the automatic stay are implicated by the relief sought herein.

10. Furthermore, Ms. Ramos submits that cause exists for the order granting this Motion to be effective immediately, and that no party in interest will be adversely affected by the relief sought hereby. So, she requests that the Court provide that its order not be subject to the stay contemplated by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

---

[1] Ms. Ramos does not consent to this Court's liquidation of her claims against the Debtor.

## NOTICE OF HEARING OPPORTUNITY

PLEASE TAKE NOTICE THAT your rights may be affected. If you oppose the Motion or wish for the Court to consider your views on the Motion, then on or before December 26, 2019, you or your attorney must file with the Court a written objection explaining your position. If you mail your objection to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

Those not permitted or required to file electronically must deliver any objection by U.S. Mail, courier, overnight/express mail, or in person at:

> U.S. Bankruptcy Court EDKY
> 100 East Vine Street, Suite 200
> P.O. Box 1111
> Lexington, KY  40588-1111

You must also deliver a copy of your objection to Ms. Ramos's undersigned counsel at the address indicated below, and upon:

| | |
|---|---|
| James R. Westenhoefer, Trustee | R. Aaron Hostettler |
| 2099 Somerset Road | HAMM MILBY & RIDINGS |
| London, KY  40741 | London, KY  40741-1369 |

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and enter an order granting the Motion without holding a hearing.

## PRAYER

WHEREFORE, creditor Patricia Ramos, in her own capacity, as next of kin to Jason P. Ramos, and as personal representative of the probate estate of Jason P. Ramos, moves this Court to modify the automatic stay as set forth above, and for all other relief to which she is entitled.

A proposed order is tendered herewith.

Respectfully submitted,

/s/ *William P. Harbison*
WILLIAM P. HARBISON, Ky. Atty. No. 92377

> SEILLER WATERMAN LLC
> Meidinger Tower – 22nd Floor
> 462 S. Fourth Street
> Louisville, Kentucky  40202-3445
> Telephone:  (502) 584-7400
> Facsimile:  (502) 583-2100
> E-mail: harbison@derbycitylaw.com
> *Counsel for Patricia Ramos*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2019, I filed a copy of this Motion electronically.

Notice of the filing will be sent via the Court's CM/ECF system to the following:

- U.S. Trustee: ustpregion08.lx.ecf@usdoj.gov
- James R. Westenhoefer, Chapter 7 Trustee: jrwestenhoefer@aol.com
- R. Aaron Hostettler, Counsel for Cool Runnings Express, Inc.: ahostettler@hmrkylaw.com

I further certify that on December 12, 2019, I served a copy of this Motion via U.S. Mail upon the following:

> Cool Runnings Express, Inc.
> c/o Billy Ray Sizemore
> 2099 Somerset Road
> London, KY  40741

> /s/ *William P. Harbison*
> WILLIAM P. HARBISON

g:\doc\wph\ramos, patricia\pleadings\motion for relief from stay.docx